**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

HOWARD MARK HAFT,

Plaintiff,

v.

Case No. 8:19-cv-3061-TJS

NAVIENT CORPORATION,

Defendant.

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT, NAVIENT CORPORATION**

Defendant, Navient Corporation ("Navient"), answers the Complaint filed by Plaintiff, Howard Mark Haft, and states defenses as follows:

**I.**     **As to "The Parties to This Complaint"**

Navient admits only that the named Plaintiff is Howard Mark Haft and the named Defendant is Navient Corporation. Navient is without sufficient information to form a belief regarding the truth of the allegations regarding Plaintiff's residence, email address and telephone number, and therefore they are denied. Navient also contends it is misnamed in the Complaint and that the correct defendant should be Navient Solutions, LLC ("NSL"). NSL is a student loan servicing company with a principal place of business located at 2001 Edmund Halley Drive, Reston, VA 20191. Navient Corporation is a holding company and NSL's corporate parent. Navient Corporation does not service student loans or report credit information to consumer reporting agencies.

**II.**    **As to "Basis for Jurisdiction"**

The allegations of this section of the Complaint are conclusions of law to which no response is required. To the extent this section contains factual allegations requiring a response, Navient responds as follows: Navient admits this Court has federal question jurisdiction because Plaintiff pleads claims for the alleged violation of federal statutes, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Consumer Financial Protection Act, 12 U.S.C. 5481 *et seq.* ("CFPA"). Navient denies liability for any of Plaintiff's claims.

Navient also admits this Court has diversity jurisdiction because Plaintiff is a citizen of Maryland, and Navient is a citizen of Delaware (its state of incorporation). The amount in controversy requirement is also satisfied because Plaintiff seeks damages of $91,000. (See Complaint, "The Amount in Controversy"). Denied that Plaintiff suffered any such damages.

**III.**    **As to "Statement of Claim"**

Denied. Navient Corporation does not service any student loan for which Plaintiff is listed as the cosigner, nor any student loans period. Navient Corporation is a holding company that does not service student loans or report credit information to consumer reporting agencies. Navient Corporation is the corporate parent of NSL, a student loan servicing company who has not been named as a defendant. As for NSL, denied that it reported any incorrect information to consumer reporting agencies, denied that it violated either the FCRA or the CFPA, and denied that it caused Plaintiff any damages.

Navient is without sufficient information to form a belief regarding the truth of the allegations regarding Plaintiff's discussions with third parties, and therefore they are denied. The remaining allegations of this paragraph purport to characterize documents that speak for

4340528v.1

themselves, and any contrary interpretations are denied. Unless expressly admitted, all other allegations are denied.

IV.  **As to "Relief"**

The allegations of this paragraph merely state the relief Plaintiff is seeking from the Court, and therefore, there are no factual allegations to which a response is required. To the extent a response is required, Navient responds as follows: Denied.

WHEREFORE, Defendant, Navient Corporation, respectfully requests judgment in its favor and against Plaintiff, Howard Mark Haft, together with an award of such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

Navient asserts the following affirmative defenses to Plaintiff's Complaint:

### First Defense

The Complaint fails to set forth any claim upon which relief may be granted.

### Second Defense

Navient is not a furnisher under the FCRA.

### Third Defense

Navient does not service any loan in which Plaintiff is listed as the co-signer.

### Fourth Defense

Plaintiff states no basis to pierce the corporate veil and hold Navient liable for any actions by its subsidiary companies.

4340528v.1

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, to the extent the consumer reporting agencies failed to notify NSL, Navient's subsidiary, of Plaintiff's alleged disputes pursuant to 15 U.S.C. § 1681s-2(b).

### Sixth Defense

NSL has complied with the FCRA and is entitled to every defense stated in the FCRA and any and all limitations of liability.

### Seventh Defense

NSL's statements, if any, concerning Plaintiff were true or substantially true.

### Eighth Defense

NSL has at all times acted in good faith to assure the accuracy of information concerning Plaintiff.

### Ninth Defense

Any violation of the FCRA, which is expressly denied, did not rise to the level of willfulness.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

4340528v.1

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent.

### Thirteenth Defense

Plaintiff's damages are the result of acts or omissions committed by other parties over whom Navient and NSL have no responsibility or control.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not sustain any loss or actual damages.

### Fifteenth Defense

Plaintiff failed to take reasonable steps to mitigate his damages, if any.

### Sixteenth Defense

Plaintiff's claims for damages are speculative and form no basis for recovery.

### Seventeenth Defense

Plaintiff's own acts constitute a superseding, intervening cause of his damages, injuries and losses, if any.

### Eighteenth Defense

No action or inaction by Navient or NSL, or their agents, servants, employees, or representatives, caused or contributed in any manner to the damages, injuries, and losses alleged in Plaintiff's Complaint.

4340528v.1

### Nineteenth Defense

Plaintiff's alleged injuries (emotional, psychological, and otherwise) are unrelated to the alleged conduct by Navient or NSL, and resulted from acts, occurrences, and conditions for which they are not liable or responsible.

### Twentieth Defense

The imposition of liability and/or statutory damages under the FCRA as sought in Plaintiff's Complaint would violate provisions of the United State Constitution, including the Due Process Clause, to the extent that Plaintiff has suffered no actual harm as a result of the alleged acts and/or omission by Navient or NSL.

### Twenty-First Defense

There is no private right of action to sue under the CFPA, and the claim therefore fails as a matter of law.

### Twenty-Second Defense

Navient reserves its right to assert additional defenses that may become available during its continuing investigation and discovery.

WHEREFORE, Defendant, Navient Corporation, respectfully requests judgment in its favor and against Plaintiff, Howard Mark Haft, together with an award of such other and further relief as this Court deems appropriate.

4340528v.1

Dated:  <u>November 25, 2019</u>                    By:

*/s/ Thomas F. Lucchesi*
Thomas F. Lucchesi, Esquire
Stradley Ronon Stevens & Young, LLP
2000 K Street, Suite 700
Washington, DC 20006
Tel.: (202) 507-6401
Fax: (202) 822-0140
tlucchesi@stradley.com

and

Eric M. Hurwitz, Esquire
Stradley Ronon Stevens & Young, LLP
457 Haddonfield Road, Suite 1
Cherry Hill, New Jersey 08002
Tel.: (856) 321-2406
Fax: (856) 321-2415
ehurwitz@stradley.com

*Attorneys for Defendant,*
*Navient Corporation*

## **CERTIFICATE OF SERVICE**

I, Thomas F. Lucchesi, hereby certify that on this 25th day of November, 2019, a copy of the foregoing Answer with Affirmative Defenses was served on all counsel of record in this matter via the Court's ECF system.  A copy of the Answer was also sent via first class mail to Plaintiff at:

Howard Mark Haft
7253 Russell Croft Ct.
Port Tobacco, MD 20677

*/s/ Thomas F. Lucchesi*
Thomas Lucchesi, Esq.

4340528v.1